UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETRA HORTA DE BECERRA, | No. 2:22-cv-1591 DB |
| Plaintiff, | |
| v. | ORDER |
| MARTIN O'MALLEY, Commissioner of Social Security,[1] | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff's motion asserts that the Administrative Law Judge erred in determining plaintiff's residual functional capacity, by erroneously evaluating evidence, and by failing to properly evaluate the medical opinion evidence.

---

[1] Martin O'Malley became the Commissioner of the Social Security Administration on December 20, 2023.  See https://blog.ssa.gov/martin-j-omalley-sworn-in-as-commissioner-of-social-security-administration/ (last visited by the court on February 21, 2024).  Accordingly, Martin O'Malley is substituted in as the defendant in this action.  See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c).  (See ECF No. 7.)

1

For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings.

**PROCEDURAL BACKGROUND**

In June of 2020, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on October 28, 2019. (Transcript ("Tr.") at 20, 261.) Plaintiff's alleged impairments included injuries to plaintiff's back, right leg, knee, and ankle, and left foot. (Id. at 81.) Plaintiff's application was denied initially, (id. at 114-18), and upon reconsideration. (Id. at 120-24.)

Plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on June 29, 2021. (Id. at 62-80.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 62-66.) In a decision issued on August 23, 2021, the ALJ found that plaintiff was not disabled. (Id. at 31.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2024.
>
> 2. The claimant has not engaged in substantial gainful activity since October 28, 2019, the alleged onset date (20 CFR 404.1571 *et seq*.).
>
> 3. The claimant has the following severe impairments: left ankle ligament sprain; right ankle impingement syndrome; and status post-right knee arthroscopic surgery (2. (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work a defined in 20 CFR 404.1567(b) except the claimant is able to lift and carry 25 pounds occasionally and 20 pounds frequently and sit, stand, or walk each 6 hours out of an 8 hour workday. The claimant can occasionally climb ramps and stairs and ladders, ropes, or scaffolds, kneel, crouch, crawl, and stoop, and can frequently balance. The claimant needs a sit/stand option with the ability to change position in 30 minute increments but would remain on task.

////

     6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

     7. The claimant was born [in] 1970 and was 49 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563).

     8. The claimant has at least a limited education. (20 CFR 404.1564).

     9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

     10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform. (20 CFR 404.1569 and 404.1569(a)).

     11. The claimant has not been under a disability, as defined in the Social Security Act, from October 28, 2019, through the date of this decision (20 CFR 404.1520(g)).

(Id. at 22-31.)

On August 1, 2022, the Appeals Council denied plaintiff's request for review of the ALJ's August 23, 2021 decision. (Id. at 1-5.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on September 12, 2022. (ECF. No. 1.)

**LEGAL STANDARD**

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or

3

reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

Plaintiff's pending motion asserts the following three principal claims: (1) the ALJ's residual functional capacity determination was erroneous; (2) the ALJ erroneously based the decision on evidence pertaining to another claimant; and (3) the treatment of medical opinion evidence was erroneous. (Pl.'s MSJ (ECF No. 11) at 14-27.[3])

////

---

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

Typically, the court would consider these alleged errors separately. However, this circumstance is somewhat unique. In this regard, on page 10 of the ALJ's decision, the ALJ was evaluating plaintiff's residual functional capacity ("RFC"). (Tr. at 29.) A claimant's RFC is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(1); see also Cooper v. Sullivan, 880 F.2d 1152, n.5 (9th Cir. 1989) ("A claimant's residual functional capacity is what he can still do despite his physical, mental, nonexertional, and other limitations."). In conducting an RFC assessment, the ALJ must consider the combined effects of an applicant's medically determinable impairments on the applicant's ability to perform sustainable work. 42 U.S.C. § 423(d)(2)(B); Macri v. Chater, 93 F.3d 540, 545 (9th Cir. 1996).

The ALJ must consider all of the relevant medical opinions as well as the combined effects of all of the plaintiff's impairments, even those that are not "severe." 20 C.F.R. §§ 404.1545(a); 416.945(a); Celaya v. Halter, 332 F.3d 1177, 1182 (9th Cir. 2003). "[A]n RFC that fails to take into account a claimant's limitations is defective." Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 690 (9th Cir. 2009). The ALJ must determine a claimant's limitations on the basis of "all relevant evidence in the record." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

Here, in the second paragraph on page 10 of the decision the ALJ stated that "[t]he evidence available at the hearing level, including the claimant's testimony, is more consistent with sedentary exertion with the ability to change positions at will." (Tr. at 29.) In the following paragraph the ALJ asserted that plaintiff had the RFC to perform "light duty work with lifting/carrying 25 pounds occasionally and 20 pounds frequently as well as postural limitations and a sit/stand option with no time off-task as a result of her impairments." (Id.) A limit to sedentary work is inconsistent with the ability to perform light duty work. See Carter v. Barnhart, No. C03-1518 CRB, 2003 WL 22749253, at *4 (N.D. Cal. Nov. 14, 2003) ("At controversy is whether plaintiff is limited to 'sedentary' work, or is capable of 'light' work.").

Moreover, as acknowledged by the defendant "[o]ne paragraph of the ALJ's . . . analysis appears to relate to a different claimant because it" references the different RFCs discussed

5

above, but also "a right hip MRI and treatment that the Plaintiff did not undergo[.]" (Def.'s Mot. (ECF No. 15) at 6.) In this regard, the ALJ cited to exhibits in support of the ALJ's decision that do "not exist" and appear to belong to another claimant. (Pl.'s MSJ (ECF No. 11) at 17.)

Defendant argues this was a simple "transcription error," citing Gervais v. Colvin, No. EDCV 12-1115-JPR, 2013 WL 3200518 (C.D. C.A. June 24, 2013), in support. (Id.) Gervais, however, concerned the "omission" of an RFC from an opinion, not the consideration of another claimant's evidence. Gervais, 2013 WL 3200518, at *6. And even then, the Gervais court did not find the error harmless, but instead simply did "not address" the error because the court had already determined that the case had to be remanded for further proceedings due to other errors. Id. Obviously, denying a claimant's application based on evidence that does not belong to the claimant is a much greater error than omitting an RFC from the decision. See generally Yount v. Barnhart, 416 F.3d 1233, 1235 (10th Cir. 2005) ("Social security hearings are subject to procedural due process considerations.").

While an ALJ is not required to explain a decision with "ideal clarity . . . we still demand that the agency set forth the reasoning behind its decisions in a way that allows for meaningful review. A clear statement of the agency's reasoning is necessary because we can affirm the agency's decision to deny benefits only on the grounds invoked by the agency. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citations and quotations omitted); see also Burrell v. Colvin, 775 F.3d 1133, 1138 (9th Cir. 2014) ("Our decisions make clear that we may not take a general finding . . . and comb the administrative record to find specific conflicts.").

Here, the ALJ's decision contains two irreconcilable RFC determinations and was based, at least in part, on evidence that belonged to another claimant. Under these circumstances, the court must find that the ALJ's decision constituted harmful error.

## CONCLUSION

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'"[4] Trevizo v.

---

[4] Having already identified errors requiring remand, and upon review of plaintiff's remaining claim and the record, the court finds it unnecessary to reach plaintiff's remaining claim of error.

Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)).  A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).

Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."  Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").  Here, given the nature of the ALJ's errors remand for further proceedings is obligatory.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 11) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 15) is denied;

3. The Commissioner's decision is reversed;

////

////

////

---

See Janovich v. Colvin, No. 2:13-cv-0096 DAD, 2014 WL 4370673, at *7 (E.D. Cal. Sept. 2, 2014) ("In light of the analysis and conclusions set forth above, the court need not address plaintiff's remaining claims of error."); Manning v. Colvin, No. CV 13-4853 DFM, 2014 WL 2002213, at *2 (C.D. Cal. May 15, 2014) ("Because the Court finds that the decision of the ALJ must be reversed on the basis of the stooping limitation, the Court need not address Plaintiff's remaining contentions.").

4. This matter is remanded for further proceedings consistent with the order; and

5. The Clerk of the Court shall enter judgment for plaintiff and close this case.

Dated:  March 5, 2024

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\becerra1591.ord